SUMMARY ORDER
Ramon Morales appeals from a judgment convicting him of (1) conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, and (2) possession with the intent to distribute of 100 grams or more of heroin. Morales received a sentence of 240 months’ imprisonment. In this order, we explain our reasons for affirming Morales’s conviction. We also grant a motion made pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by the attorney for Luis Orozco-Castanos and the government’s motion for summary affirmance. In an accompanying per cu-riam, we remand for findings relevant to Morales’s sentence. We assume the parties’ familiarity with the facts, proceedings below, and specification of issues on appeal.
A jury’s verdict may be set aside as supported by insufficient evidence only if no “rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). “[I]n reviewing such a claim, the evidence is viewed in the light most favorable to the prosecution, and reasonable inferences and credibility determinations are to be drawn in its favor.” United States v. Pipóla, 83 F.3d 556, 564 (2d Cir.1996) (internal citation omitted). Morales’s conviction for possession with intent to distribute 100 grams or more of heroin was amply supported by law enforcement agents’ discovery of 500 grams of heroin in Morales’s car and by his own admissions. The conspiracy conviction also was well supported. Co-conspirators testified to Morales’s acceptance of and payment for far more than one kilogram of *23 heroin. One of the co-conspirators also testified that he had been introduced to Morales by Jaime Londono, the leader of the conspiracy, as the person who would now be making deliveries to Morales. The co-conspirators’ testimony was corroborated by Morales’s admissions; intei'cepted phone calls between Londono and Morales; and money and heroin seized from Morales’s residence and car, which were packaged in the way that the coconspirators described. We, therefore, affirm the District Court’s denial of Morales’s Federal Rule of Criminal Procedure 29 motion.
Morales also contends that the District Court constructively amended the indictment by charging that the jury could convict Morales on the conspiracy count if it found that Morales conspired to achieve either one of the two objectives of the conspiracy that were charged conjunctively in the indictment. The disputed charge was correct because “the government needed only to prove agreement on one of the objectives charged in the indictment in order to establish that a conspiracy existed.” United States v. Berger, 224 F.3d 107, 113 (2d Cir.2000); cf. United States v. Rioux, 97 F.3d 648, 661-62 (2d Cir.1996) (holding that a substantially similar charge did not constructively amend the indictment).
We, therefore, affirm Morales’s conviction. We also grant Orozco-Castano’s counsel’s Anders motion and the Government’s motion for summary affirmance.